# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE POPE, o/b/o | : | |
| T.L.D., | : | Civil No. 1:11-CV-1820 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**I.**     **Statement of Facts and of the Case**

The plaintiff, a minor child acting through Stephanie Pope, filed an application for child's disability benefits on March 10, 2008, alleging an onset of disability of February 1, 2007 based upon ADHD, a learning disorder and obesity. (Tr. 16, 126.) The claim was denied initially administratively on October 27, 2008. (Tr. 16, 76.) At T.L.D.'s request, an ALJ held a hearing on January 13, 2010. (Tr. 31-75.) At that hearing, T.L.D., who was represented by an attorney, and Ms. Pope both testified. (Tr. 31-75.)

1

The Administrative Law Judge also received medical and educational reports pertaining to T.L.D.'s social and academic performance. These reports painted vastly contrasting views of T.L.D.'s capabilities and disabilities. For example, a May 2008 teacher report, which the ALJ gave little weight, assessed T.L.D. as satisfactory in the areas of interacting with others and caring for himself. (Tr. 140-42.) Similarly, a May 2008 school assessment recommended special education programs for T.L.D., concluded that he would benefit from special education programs, but found that he was cooperative and that his abilities generally fell within the average range. (Tr. 157-68.)

In stark contrast, the most recent academic assessment of T.L.D., an assessment conducted in December of 2009 by two of T.L.D.'s teachers, described marked limitations in T.L.D.'s ability to interact with others, and found that T.L.D. suffered from an extreme limitation in his ability to care for himself in the realm of personal hygiene where T.L.D. displayed serious difficulties maintaining personal cleanliness and using bathroom facilities, difficulties that were so pronounced that T.L.D., "often smells of old urine." (Tr. 184.) These academics finding were, in turn, supported by the testimony of both T.L.D. and Ms. Pope, who described severe social interaction of personal hygiene impairments suffered by T.L.D. (Tr. 31-75.)

2

These findings were also material to a disability determination for this school-age child, 20 C.F.R. § 416.926a(g)(2), since social security regulations call for a child's functional limitations to be evaluated in the following six domains: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Yourself; and (6) Health and Physical Well-being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi). A medically determinable impairment or combination of impairments functionally equals a listed impairment, and supports a disability finding, if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. Therefore, the December 2009 teacher assessment, if fully credited by the ALJ, could have supported a disability finding since it concluded that T.L.D. suffered from a marked impairment in the realm of interacting with others, and an extreme impairment in the realm of caring for himself. 20 C.F.R. § 416.926a(a).

Ten days after this hearing, on January 23, 2010, the ALJ issued a decision finding that T.L.D. was not disabled under the Act at any time between his application date and the date of the ALJ's decision. (Tr. 16-27.) In reaching this conclusion, the ALJ concluded that T.L.D. had a marked limitation in his ability to care for himself, but found that his limitations were less than marked in all other areas of personal functioning. (Id.) Notably, the ALJ reached this conclusion without ever

discussing or evaluating the December 2009 academic assessment of two of T.L.D.'s teachers, who found that T.L.D. suffered from extreme limitations in personal hygiene, coupled with marked limitations on interacting with others. Because the ALJ never addressed this material evidence, it is not possible to determine whether this evidence was ignored or considered by the ALJ, but was discounted for some reason. Further, in the absence of any articulated rationale by the ALJ, it is also impossible to determine any legal or factual basis for discounting or rejecting this particular assessment.

On August 4, 2011, the Appeals Council denied T.L.D.'s request for review, making the ALJ's decision the final determination of the Commissioner. (Tr. 1-3.) This lawsuit then followed. (Doc. 1.) The parties have now fully briefed this social security appeal, (Docs. 10, 11 and 14.), and this case is, therefore, ripe for resolution. For the reasons set forth below, it is recommended that this matter be remanded for further consideration of the December 2009 academic assessment of T.L.D., an assessment that is potentially material to the disability determination in this case, but has not been adequately addressed in the decision denying benefits to T.L.D.

## II. Discussion

### A. Standards of Review–The Roles of the Administrative Law Judge and This Court

Resolution of the instant social security appeal involves an informed consideration of the respective roles of two adjudicators–the administrative law judge (ALJ) and this Court. At the outset, it is the responsibility of the ALJ in the first instance to determine whether a claimant has met the statutory prerequisites for entitlement to benefits.

With respect to child disability claims, several principles define the analytical model used by ALJs in making disability determinations. At the outset, "20 C.F.R. § 416.924(a)-(d) sets out the three-step sequential analysis for determining child disability. Under this analysis, a child is deemed disabled if: (1) he or she is not working and not engaged in substantial gainful activity; (2) he or she has a medically determinable impairment that is severe; and (3) the medically determinable severe impairment meets, medically equals, or functionally equals a listing ("Listings") in 20 C.F.R. Part 404, subpart P, Appendix 1." Watkins v. Comm'r of Soc. Sec., 131 F. App'x 362, 364 (3d Cir. 2005). "For an impairment to be functionally equal in severity, a child must show 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain. 20 C.F.R. § 416.926(a) (2005). The six

development and functioning domains include: acquiring and using information; attending to and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. 20 C.F.R. § 416.926 a(b)(1)(i)—(vi) (2005)." Richardson v. Barnhart, 136 F. App'x 463, 465 (3d Cir. 2005).

A marked limitation in a domain is found when an impairment interferes seriously with a claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2). An extreme limitation in a domain is found when the impairment interferes "very seriously" with a claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). An "extreme" limitation also means a limitation that is "more than marked." 20 C.F.R. § 416.926a(e)(3).

The ALJ's disability determination must also meet certain basic procedural and substantive requisites. Most significant among these legal benchmarks is a requirement that the ALJ adequately explain the legal and factual basis for this disability determination. Thus, in order to facilitate review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d

700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Id. at 706-707. In addition, "[t]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." Schaudeck v. Com. of Soc. Sec., 181 F. 3d 429, 433 (3d Cir. 1999).

An adequate articulation of the rationale for the ALJ's decision is an essential prerequisite to any informed assessment of that decision. As the court of appeals has explained: " When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.' Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir.1993). The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects. See Stewart v. Secretary of H.E.W., 714 F.2d 287, 290 (3d Cir.1983)." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ fails to discuss material evidence that directly relates to a disability determination, a remand is often necessary to clarify the legal and factual underpinnings for the ALJ decision. See, e.g., Fargnoli v. Massanari, 247 F.3d 34, 43-44 (3d Cir. 2001)("The ALJ's failure to explain his implicit rejection of this evidence or even to acknowledge its presence was error." Cotter, 642 F.2d at 707); Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122

7

(3d Cir. 2000)(ALJ's failure to mention and explain contradictory medical evidence was error); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

Once the ALJ has made a disability determination, it is then the responsibility of this Court to independently review that finding. In undertaking this task, this Court applies a specific, well-settled and carefully articulated standard of review. In an action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying plaintiff's claim for disability benefits, Congress has specifically provided that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).

The "substantial evidence" standard of review prescribed by statute is a deferential standard of review. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). When reviewing the denial of disability benefits, we must simply determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)." Johnson, 529 F.3d at 200. See also Pierce v. Underwood, 487 U.S. 552

(1988). It is less than a preponderance of the evidence but more than a mere scintilla of proof. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).

A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966). Moreover, in conducting this review we are cautioned that "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.' Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir.1997); see also Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991) ('We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.')." Frazier v. Apfel, No. 99-715,

2000 WL 288246, *9 (E.D. Pa. March 7, 2000). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

> **B. A Remand Is Necessary to Allow the ALJ to Address Material Evidence Relating to the Disability Determination in this Case**

Judged by these standards, we find that a remand is necessary in this case in order to allow the ALJ to address material evidence relating to T.L.D.'s disability claim; specifically, the evidence submitted by two of T.L.D.'s teachers in December 2009 that T.L.D. suffered from a marked impairment in interacting with others, and an extreme impairment in the domain of caring for himself. (Tr. 157-68.) This information is doubtless material to the disability determination that must be made here since the finding of these two teachers, if accepted, would define T.L.D. as disabled under social security regulations since, fairly read, this assessment can be construed to "show 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain. 20 C.F.R. § 416.926(a) (2005)." Richardson v. Barnhart, 136 F. App'x 463, 465 (3d Cir. 2005).

Yet, despite its materiality to this particular disability determination, the December 2009 academic assessment is not discussed by the ALJ in the opinion

denying T.L.D.'s claim. Thus, on the current record, we simply cannot determine whether the ALJ ignored or discounted this evidence, and if the evidence was considered but rejected we are unable to determine whether substantial evidence supported the decision to reject this material evidence. It is axiomatic that: " When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.' Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir.1993). The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects. See Stewart v. Secretary of H.E.W., 714 F.2d 287, 290 (3d Cir.1983)." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Therefore, the failure to address this material evidence in this particular case compels a remand for further consideration and discussion of this evidence by the ALJ. See, e.g., Fargnoli v. Massanari, 247 F.3d 34, 43-44 (3d Cir. 2001)("The ALJ's failure to explain his implicit rejection of this evidence or even to acknowledge its presence was error." Cotter, 642 F.2d at 707); Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000)(ALJ's failure to mention and explain contradictory medical evidence was error) Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

Yet, while case law plainly calls for a remand and further proceedings by the ALJ, nothing in this report and recommendation should be construed as suggesting

what the outcome of that final and full analysis should be. Nor do we express a view on the ultimate merits of these successive claims. Instead, we simply recommend that the case be remanded in order for the ALJ to re-assess all of the evidence relating to this claim further within analytical framework prescribed for evaluation of child disability claims.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint and claim be REMANDED for further consideration in accordance with this report and recommendation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of September 2013.

> **_S/Martin C. Carlson_**
> Martin C. Carlson
> United States Magistrate Judge